## DANIEL G. BRINTON
### v.
## OLIVER GERRY.

1. PROMISSORY NOTE—RELEASE OF SURETY.—Judgment was obtained by the holder of a promissory note, against the principals and surety on such note, and execution issued and levied upon property supposed to belong to the principals. There being doubt as to the ownership of the property levied upon, the levy was released. *Held*, that if the property levied upon in fact belonged to the principal makers of the note, the release of the levy operated as a discharge of the surety from liability.

2. BAILMENT OR SALE.—A stipulation that the bailee may sell the thing bailed, destroys the character of the transaction as a bailment. It is a sale, and the title to the property is changed thereby.

3. FRAUDULENT SALE.—A bill of sale of goods given to a vendee, and a contemporaneous agreement given by him to the vendors, that upon the re-payment of the selling price with interest, he would re-convey the property to the vendors, is fraudulent and void as to creditors and subsequent purchasers, and the property sold may be levied upon as the property of the vendors.

4. EXECUTION—PARTIES.—An execution, as to parties, must follow the judgment upon which it is based. So, where judgment was against the principals and surety jointly, the execution must, on its face, be against the same parties, notwithstanding the fact that the surety may have been discharged from liability by facts occurring subsequent to the judgment.

Appeal from the Circuit Court of Adams county; the Hon. S. P. Shope, Judge, presiding. Opinion filed November 7, 1880.

Messrs. Marsh & McFadon, for appellant; that affidavits which are defective in any essential requirement should not be considered on a motion to quash an execution, cited 1 Barb. Ch. 604; Watson v. Reissig, 24 Ill. 284.

An affidavit should show a venue to the jurat: Van Dusen v. The People, 78 Ill. 645; 2 Hill's Com. Law, 270; Bouv. Law Dic. " Affidavit."

The execution must issue against all the defendants, including the one discharged: Linn v. Hamilton, 34 N. J. Law, 308; Pennoyer v. Brace, 1 Ld. Raymd. 244; Tidd's Pr. 1120; Commonwealth v. Fisher, 2 J. J. Marsh, 137; Herman on Executions, § 55; Ennis v. Dundas, 4 How. U. S. 78; Lee v. Crossna, 6 Humph. 281; Wilson v. Nance, 11 Humph. 189.

Unless the property levied upon was the property of the principal debtor, the surety is not discharged by a release of the levy: Staton v. Commonwealth, 2 Dana, 397; Pennock v. McCormick, 120 Mass. 275; Brandt on Surety, § 378; Harper v. Ross, 10 Allen, 332; Herman on Executions, § 175.

The transaction was not a mortgage: Carr v. Rising, 62 Ill. 14; Taintor v. Keys, 43 Ill. 332; Treat v. Strickland, 23 Me. 234; Low v. Henry, 9 Cal. 549; Magnussen v. Johnson, 73 Ill. 156; Slowey v. McMurray, 27 Mo. 113; Slutz v. Desenburg, 28 Ohio St. 382; Glover v. Payn, 19 Wend. 520; Goodman v. Grierson, 2 Ball & B. 274; Flagg v. Mann, 14 Pick. 478; Conway v. Alexander, 7 Cranch, 218.

An absolute deed will not be held to be a mortgage without clear and convincing proof that it was so intended: Sharp v. Smittenman, 85 Ill. 154; Remington v. Campbell, 60 Ill. 516; Lindaur v. Cummings, 57 Ill. 195; Mackey v. Stafford, 43 Wis. 653.

The agreement to reconvey did not make the transaction a sale: Fawcett v. Osborn, 32 Ill. 411; Benjamin on Sales, § 1; Gardner v. Lane, 12 Allen, 45; Chamberlain v. Smith, 44 Pa. St. 432.

It was a mere bailment: Hunt v. Wyman, 100 Mass. 199; Edwards on Bailment, § 85; Myers v. Harvey, 2 Penn. 481; Clark v. Jack, 7 Watts, 377; Becker v. Smith, 59 Pa. St. 473; McCormick v. Hadden, 37 Ill. 370.

Geise & Son had a right to employ Alexander and Marks as clerks: Tomkin v. Wheeler, 16 Pet. 106; Powers v. Green, 14 Ill. 387; Read v. Wilson, 22 Ill. 377; Warner v. Carlton, 22 Ill. 415; Brown v. Riley, 22 Ill. 46; Wright v. Grover, 27 Ill. 426.

Messrs. SIBLEY, CARTER & GOVERT, for appellees; that a levy upon sufficient property satisfies the judgment, and the *pluries* execution was properly quashed, cited Freeman on Executions, 77; Russel v. Hugunin, 1 Scam. 562; McHenry v. Watkins, 12 Ill. 233; Harris v. Evans, 81 Ill. 419.

The court has power to quash an execution: Sandburg v. Papineau, 81 Ill. 446.

And may order a perpetual stay of execution: Freeman on Executions, § 32; Lansing v. Orcott, 16 Johns. 4; Davis v. Tiffany, 1 Hill, 643; Monroe v. Upton, 50 N. Y. 593; Welch v. Tittsworth, 22 Haw. Pr. 475.

The release of the levy without his consent discharged the surety: Cooper v. Wilcox, 3 Dev. & Bat. 90; Nelson v. Williams, 2 Dev. & Bat. 118; Davis v. Mitchell, 1 Freeman's Ch. 548; Alexander v. Bank of Commonwealth, 7 J. J. Marsh, 580; Jones v. Bullock, 3 Bibb. 467; Dixon v. Ewing, 3 Hammon, 280.

An agreement by the vendee after delivery of possession, that the vendor may retain ownership until payment of the purchase money, is void as to creditors: Thompson v. Yeck, 21 Ill. 73; Ketchem v. Watson, 24 Ill. 591; McCormick v. Hadden, 37 Ill. 370; Murch v. Wright, 46 Ill. 487; Hervey v. R. I. Locomotive Works, 3 Otto, 664.

The affidavit is sufficient without a venue to the jurat. The presumption is that an officer administering an oath acted within his jurisdiction: Ballance v. Underhill, 3 Scam. 453; Chiniquy v. Cath. Bishop of Chicago, 41 Ill. 148; Graham v. Anderson, 42 Ill. 515.

Brinton v. Gerry.

DAVIS, J.   On the 15th of October, 1878, appellant recovered a judgment against Peter W. Marks, William H. Alexander and Oliver Gerry, for the sum of $362.14, on a note given by them on the 9th of April, 1878, for rent then due by Marks and Alexander to appellant.   Gerry signed the note as surety only.   On this judgment an execution was issued on the 15th of October, 1878, and returned by the sheriff as received by him for collection on that day, and as then levied upon a regular stock of drugs as the property of the defendants, and with the following additional indorsement: " Being doubtful whether the said defendants have any interest in the property mentioned in the above levy which is liable to execution, and the said plaintiff refusing to indemnify me, I hereby release the said property from said levy, Oct. 25, 1878.   J. S. Pollock, sheriff."   And also indorsed: " This execution is returned, no property found, this 13th January, 1879."   An *alias* execution was issued on the day following, and returned for renewal, by order of the plaintiff, and on the 22nd of April thereafter a *pluries* execution was issued, and on the same day received by the sheriff, and held by him until the 19th of July, 1879, when all further proceedings were stayed until the further order of the court, on a motion made by appellee to quash the said execution, and for a perpetual stay of execution on the said judgment.

Before these occurrences, William H. Alexander and Peter A. Marks, as partners, under the firm name of W. H. Alexander & Co., had been engaged in the retail drug business, and were occupying the building owned by appellant.   Becoming insolvent and unable to pay their debts, they executed, on the 20th day of December, 1877, to Alfred Gatchell, a deed of assignment under the laws of this State, conveying to him all their property, goods and chattels, and choses in action, in trust, to sell and dispose of for the benefit of their creditors.   Immediately upon the execution of the deed, Gatchell, as assignee, took possession of the drug store and all the property therein contained, consisting of a general stock of drugs, medicines and fixtures, and filed an inventory and gave bond as required by law.   Deeming it for the best interest of the creditors to

sell the property at private sale, and not to sacrifice it at forced public sale; and not being a druggist, Gatchell employed Alexander and Marks as clerks, at a salary, to assist him in making such sale. Soon after making the assignment, Alexander and Marks commenced negotiations with their creditors, with the hope of obtaining a compromise for a percentage less than their respective claims, and at their request Gatchell deferred making sales at auction until it should be decided whether they could effect such compromise. In April, 1878, Alexander and Marks succeeded in procuring an agreement of composition with their creditors at twenty-five cents on the dollar of their claims, and it became necessary to raise the sum of fifteen hundred dollars to carry into effect the arrangement so made. In this contingency a meeting was held on the 15th of April, 1878, at the drug store in question, at which meeting Alexander and Marks, Wm. W. Berry, an attorney-at-law, and Henry A. Geise, were present, and on consultation, and the statement made of the agreement entered into with the creditors, and the amount required to pay them off at the rate stipulated, Gatchell, at the request of Alexander and Marks, and with the consent of their creditors, then sold and delivered to H. A. Geise and son, for the said sum of fifteen hundred dollars, all the goods, chattels, choses in action, and property so assigned to him and then remaining undisposed of, and received the said sum of $1,500, and paid the same to the creditors. On the day following this sale, Alexander and Marks executed the following instrument to H. A. Geise & Son:

"Bill of Sale. Know all men by these presents, that we, W. H. Alexander and Peter A. Marks, members of the firm of W. H. Alexander & Co., of Quincy, Ill., do hereby, in consideration of fifteen hundred dollars paid this day to Alfred Gatchell, (assignee) in our behalf, and at the request of H. A. Geise & Son, have bargained, sold and conveyed to them by these presents unto the said H. A. Geise & Son, all the following property: Ledger accounts, two soda fountains with fixtures, staple goods, also goods contained in the bottles on shelves, and all loose fixtures in said store, occupied by W. H. Alexander & Co., all right, title and interest to us belonging, or in anywise

pertaining in and to the stock, choses in action and effects be-longing to the late firm of W. H. Alexander & Co." On the same day H. A. Giese & Son executed the following instrument to Alexander & Marks: " Whereas, W. H. Alexander and Peter A. Marks have this day, in consideration of fifteen hundred dollars, paid at their request to Alfred Gatchell, bargained, sold and conveyed to the undersigned, all the right, title and interest in and to the stock, fixtures, choses in action and effects of the late firm of W. H. Alexander & Co. Now, therefore, in consideration of said conveyance, we. hereby agree to sell and re-convey the said property or its proceeds to the said W. H. Alexander and Peter A. Marks, within ninety days from the date hereof, upon re-payment by them to us of the above named sum, with interest at ten per cent. per annum, and five per cent. additional on said sum; and if the above named sum be repaid to us after the said ninety days, and before the expiration of six months from date hereof, together with interest at ten per cent. per annum on the same, and ten per cent. instead of five additional for risks and services, we here-by agree to sell and convey the said property or its proceeds to to the said W. H. Alexander and Peter A. Marks. H. A. Giese & Son hereby agree to deliver to the said W. H. Alexander & Co. all the notes and accounts that may be yet unpaid and now in the hands of Alfred Gatchell, said W. H. Alexander & Co. to be at all the expense and labor in collecting such as can be collected, and to have the full benefit of all such collections. Said W. H. Alexander & Co. to continue the business during said six months, with the privilege of selling said stock and fixtures at any time on payment to us of the sum above named.                          H. A. Geise & Son.

" Quincy, Ill., April 16, 1878."

From this time Alexander & Marks remained in the pos-session of the property, and continued the business of selling the said drugs and medicines until the 15th of October, 1878, when the stock was levied on by the sheriff, under the execution issued on that day, on the judgment obtained by appellant, against Alexander, Marks and Gerry. In themean time, however, the firm of H. A. Geise & Son was dissolved, and Henry

A. Geise became the sole owner of the property of the firm, and on the 1st of July, 1878, Henry A. Geise having become insolvent, assigned all his property, under the laws of this State, for the benefit of his creditors to Henry F. J. Ricker. A day or two after the said levy Ricker informed the sheriff and the attorney of appellants, of his claim of ownership of the property levied on, as assignee of Henry A. Geise, and of his intention to replevy the same unless the levy was released and the property surrendered to him. Whereupon the levy was released, and by agreement of parties, except appellee, the property was placed in charge of John C. Moss, with authority to sell the same, and out of the proceeds to pay the rent of the building thereafter to become due, necessary expenses of sale, also for his services; next, to pay the said sum of $1,500, with interest; next, to pay appellant the amount of his judgment and the residue, if any, to be paid to Alexander and Marks. The property so released from the levy having failed to satisfy any part of the judgment of appellant, the *pluries* execution was issued thereon, and was stayed on motion of appellee, on the ground, as claimed by him, that the release of the property levied on discharged him from his liability as surety on the note. On the hearing of the motion by the court below, it was sustained, and it was by the court ordered that said *pluries* execution be quashed, and that appellant be perpetually enjoined and stayed from taking out any further or other execution, as against said Oliver Gerry on said judgment. From this order appellant brings the case up by appeal.

It appears from the record that the property levied on, and released by the sheriff, exceeded in value the amount of the execution, and that appellant consented to the release. If therefore the goods when levied upon and released were the property of Alexander and Marks, or were liable to be sold by virtue of the levy to satisfy such execution, then such release discharged appellee from any further liability on the judgment. To decide this question of property, it becomes necessary to determine what is the legal effect of the two written instruments, executed by Alexander and Marks and H. A. Geise & Son, on the 16th of April, 1878. It is claimed by appellant

Brinton v. Gerry.

that the instrument executed by H. A. Geise & Son, is not a sale or a mortgage, but a bailment. That the transaction between the parties was a delivery of the property of H. A. Geise & Son to Alexander and Marks, with the option to purchase. Under our statute of "Frauds and Perjuries," a loan of goods and chattels may be made, and remain good, as against creditors and purchasers, for a specified time; and it has been held that a bailment may be made of cattle and the like, to be kept and worked in a reasonable, farm-like manner for a specified time, and returned at its expiration, with the privilege to the bailee of keeping the same, by paying a definite amount, as in the case of Chamberlain et al. v. Smith, 44 Pa. St. 432. But a stock of drugs and medicines, and notes and accounts, cannot be bailed, so as to shield the property from creditors or subsequent purchasers, when the instrument creating such bailment provides that the bailee may collect such notes and accounts and have the full benefit of such collections, and may continue his business of selling such drugs and medicines by retail, during the continuance of such bailment. A bailment of either kind under which this transaction could properly be classed, is where one delivers to another any specific thing, under an agreement that the identical thing, or that in to which it has been changed in form only, shall be restored. A stipulation that the bailee may sell the thing bailed, destroys the character of the transaction as a bailment. When there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, or as in this case, to sell the thing in the course of his usual business, it is a sale, and the title to the property is changed thereby. Lonergan v. Stewart, 55 Ill. 49.

The two instruments, executed by the parties at the same time, must be construed together, in connection with the sale made by Gatchell, the assignee. It seems that Alexander and Marks were very desirous of effecting a compromise with their creditors, and Gatchell, to favor them as much as possible, permitted the goods to be retailed as before the assignment, until the compromise was effected. When the amount required to pay the creditors was ascertained, the stock and fixtures and notes and accounts were sold—not at what they were worth,

and to persons engaged in the same business, but to one who was willing to advance the exact sum needed to clear the assigned goods from all claims against them. The money was paid over to the assignee, the creditors satisfied, the object of Alexander and Marks accomplished, and then the two instruments were executed. These instruments, when read together as one, show by their recitals that the fifteen hundred dollars given for the goods were paid by H. A. Geise & Son to Gatchell at the request of Alexander and Marks, and on their behalf. No particular words or form of conveyance is necessary to constitute a mortgage. Whenever a conveyance is intended as a security for money, it is considered as a mortgage. In this case the money paid for the goods was advanced at the request of Alexander and Marks, and on their behalf, by Geise & Son to Gatchell. It was to be re-paid within a certain time, with interest and compensation, and on the advance of the money, the property for which it was paid was delivered to Alexander and Marks, and the two instruments executed to secure its payment. There is some evidence which tends to show that Alexander and Marks were acting in the capacity of agents or clerks for H. A. Geise & Son, after the purchase from Gatchell, but the preponderance of the evidence is the other way. But even if such parol proof were made it could not prevail, for it contradicts and is wholly inconsistent with the written agreement entered into by the parties. Treating this transaction either as a conditional sale or a mortgage, and one or the other it must be, it is void as to creditors or subsequent purchasers, and the property was liable to sale under the execution levied upon it. It was void as a conditional sale, because the title and possession were in Alexander and Marks, and as a mortgage, because the instruments were not acknowledged, entered and recorded as required by the chattel mortgage act.

We must therefore hold that the property having been released with the consent of appellant, the appellee was discharged from any further liability on the judgment. But the discharge of Gerry did not discharge Alexander and Marks, and appellant is entitled to an execution on his judgment to enforce its collection against them, and we think the court below erred

in quashing the *pluries* execution, and in perpetually enjoining and staying appellant from taking out any further or other execution on the judgment against appellee.  The judgment is joint against Alexander, Marks and Gerry, and the rule is, that the execution must conform in all respects to the judgment.   The execution must on its face appear to be against all the defendants, notwithstanding, from death, bankruptcy, or some other cause, no levy can be made on the property of some one or more of them.   Freeman on Executions, Sec. 42; Tidd's Practice, 1120; Clark  v. Clement & English, 6 Durnford & East, 525; Linn v. Hamilton, 34 N. J. Law, 305.

The appellant was therefore entitled to just such an execution as was quashed by the court.   Had the execution been levied upon the property of appellee, undoubtedly he could, on motion, have set aside the levy.   Or it may be that before the levy he could, on motion, have stayed the execution as to him; but to quash the execution was improper, and for this error the judgment must be reversed and remanded.

Reversed and remanded.

McCulloch, P. J.  I do not concur in this opinion.