MARSHALL, FIELD & Co., Appellant, *vs.* ISIDOR B. FREED, Appellee.

*Opinion filed October 27, 1915.*

1. DEBTOR AND CREDITOR—*when issuing execution does not bar right to capias ad satisfaciendum.* In cases where an execution against the body is authorized by law, the judgment creditor does not, by having an execution issued, waive or bar his right to a *capias ad satisfaciendum* when the execution is returned unsatisfied, as both remedies are authorized by section 4 of the act on judgments, decrees and executions and both may be followed, although there can be but one satisfaction.

2. SAME—*judgment creditor in action for tort not required to make affidavit for a capias.* In an action for a tort the judgment creditor may have a *capias ad satisfaciendum* after the return of an execution unsatisfied, without making the affidavit required by section 62 of the act concerning judgments, decrees and executions.

3. SAME—*section 62 of act concerning judgments, decrees and executions construed.* The purpose of section 62 of the act concerning judgments, decrees and executions is to authorize an execution against the body upon any judgment, whether in contract or

in tort, if the judgment creditor will make the affidavit therein provided for; but where the judgment is for a tort the plaintiff is entitled to a *capias ad satisfaciendum* upon motion, without any affidavit or showing in support of it.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding.

FRANK P. LEFFINGWELL, for appellant.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This suit is an action on the case begun by appellant, as plaintiff, in the superior court of Cook county, against appellee, as defendant. The declaration charged defendant with procuring from the plaintiff goods, wares and merchandise on a credit by fraud and deceit and by means of a false statement in writing. Defendant was served with process and entered his appearance, but failing to plead was defaulted and the damages assessed by a jury in the sum of $778.95, upon which judgment was entered in favor of plaintiff, against defendant. An execution against the property of the defendant was issued and placed in the hands of the sheriff of Cook county. At the expiration of ninety days it was returned *nulla bona.* The return to the execution stated that the sheriff had demanded payment of the defendant or that he surrender sufficient property to satisfy the execution, but that the defendant failed to pay the same or deliver property in satisfaction thereof and the sheriff was unable to find any property of defendant. Two days after the return of the execution an order for a *capias ad satisfaciendum* was entered by the superior court. The *capias* was issued and delivered to the sheriff, by virtue of which he took defendant into custody. On the following day, on motion

of defendant, the *capias* was quashed and he was released from custody. The plaintiff thereupon filed a motion in the superior court to vacate the order quashing the *capias ad satisfaciendum,* which motion was denied. Exceptions were duly preserved and plaintiff sued out a writ of error from the Appellate Court to review the orders and judgment of the superior court quashing the *capias* and overruling the motion to set aside said order. The Appellate Court affirmed the judgment of the superior court and granted a certificate of importance, upon which an appeal is prosecuted by plaintiff below to this court.

We are not favored with the aid and assistance of any brief on behalf of appellee.

After the return of the execution against the property of appellee a *capias ad satisfaciendum* was issued upon motion of appellant and without any showing made in support of the motion. We are informed by the brief of appellant and the opinion of the Appellate Court that the superior court, on the motion to quash the *capias,* was of opinion that under section 4 of chapter 77 (Hurd's Stat. 1913, p. 1494,) a party in whose favor a judgment was rendered, and who may have a right to an execution against the property of a defendant or against his body, is required to elect which remedy he will pursue, and that when he elects one he cannot afterward resort to the other.

Section 4 reads as follows: "The person in whose favor any judgment, as aforesaid, may be obtained, may have execution thereon in the usual form, directed to the proper officer of any county in this State, against the lands and tenements, goods and chattels of the person against whom the same is obtained, or against his body, when the same is authorized by law."

It is the contention of appellant that the word "or" means and should be read as "and." The Appellate Court did not agree with that view, but held that a judgment creditor having sued out an execution against the property

of the judgment debtor in the first instance, cannot, after its return unsatisfied, have a *capias ad satisfaciendum* except by making an affidavit in compliance with the provisions of section 62 of chapter 77. (Hurd's Stat. 1913, p. 1500.)

Section 62 is as follows: "If, upon the return of an execution unsatisfied, in whole or in part, the judgment creditor, or his agent or attorney, shall make an affidavit stating that demand has been made upon the debtor for the surrender of his estate, goods, chattels, land and tenements, for the satisfaction of such execution, and that he verily believes such debtor has estate, goods, chattels, lands or tenements, not exempt from execution, which he unjustly refuses to surrender, or that since the debt was contracted or the cause of action accrued, the debtor has fraudulently conveyed, concealed, or otherwise disposed of some part of his estate, with a design to secure the same to his own use, or defraud his creditors; and also setting forth upon his knowledge, information and belief, in either case, the facts tending to show that such belief is well founded, and shall procure the order of the judge of the court from which the execution issued, or of any judge or master in chancery in the same county, certifying that probable cause is shown in such affidavit to authorize the issuing of an execution against the body of the debtor, and ordering that such writ be issued; upon the filing of such affidavit and order with the clerk, he shall issue an execution against the body of such judgment debtor."

We have before set out in full section 4, which authorizes an execution in favor of the judgment creditor against the property of the judgment debtor, "or against his body, when the same is authorized by law." Section 5 of the same act specifies the cases in which a *capias* may be issued. They are, (1) where the judgment is obtained for a tort committed by the defendant; (2) where the de-

fendant shall have been held to bail upon a writ of *capias ad respondendum;* (3) where he shall refuse to deliver up his estate for the benefit of his creditors. Clearly, no affidavit is required to be filed to procure the issuance of a *capias* where the judgment was obtained for a tort or where the defendant shall have been held to bail upon a writ of *capias ad respondendum.* If a *capias* is sought upon the third ground upon which it is authorized by section 5, it seems equally clear that before it will issue it is required to be shown, in accordance with the provisions of section 62, that the judgment debtor refuses to deliver up his estate for the benefit of his creditors. It seems plain it was never intended by the statute that in cases where an execution against the body was authorized by law the plaintiff in the judgment should be required to elect whether he would have such an execution issued or an execution against the property of the defendant, and that having elected one he should not be permitted afterwards to resort to the other. There can, we think, be no question that where a judgment is obtained for a tort committed by the defendant the plaintiff is not compelled to have a *capias ad satisfaciendum,* but may resort to an execution against the property of the defendant as in case of a judgment upon a contract express or implied. Both remedies are authorized and may be pursued, but only one satisfaction may be had. Whether executions against the body and against the property of a defendant may be issued at the same time is not involved, but upon the issuance of one, and its return unsatisfied, the plaintiff in the judgment may resort to the other remedy. (*Lambert v. Wiltshire,* 144 Ill. 517; *Tayloe v. Thompson's Lessee,* 5 Pet. 358.) In our opinion it was never contemplated nor required that in cases where the judgment was for a tort committed by the defendant, or where a defendant has been held to bail upon a writ of *capias ad respondendum,* the plaintiff should make an affidavit, in compli-

ance with section 62, to authorize the issuance of a *capias ad satisfaciendum*. In the case before us the judgment was in an action of tort in which malice was the gist of the action. The judgment was the authority for issuing an execution against the body, and not a showing by affidavit, under the provisions of section 62, that the debtor had property which he unjustly refused to surrender, or that since the debt was contracted he had fraudulently conveyed, concealed or otherwise disposed of property with a design to secure the same to his own use or to defraud his creditors. The purpose of section 62 was to authorize an execution against the body upon any judgment, whether in tort or upon a contract, if the plaintiff in the judgment will file an affidavit complying with the requirements of that section. Under section 5, if the judgment is for a tort committed by the defendant, an execution against the body is authorized without regard to whether the defendant has or has not property and without regard to whether he has refused to deliver his estate up for the benefit of his creditors. While this construction seems to us free from difficulty, reference to previous legislation on this subject may not be unprofitable.

Section 5 of chapter 57 of the Revised Statutes of 1845, which is the chapter on judgments and executions, is substantially the same as section 4 of our present statute, except that it contains a proviso that no execution shall issue against the body except as provided in chapter 52 of the Revised Statutes of 1845. The chapter referred to is the chapter on insolvent debtors, and section 1 of that act authorizes an execution against the body upon affidavit by the plaintiff or his attorney that the debtor refuses to surrender property for the satisfaction of an execution issued against the property of such debtor. Section 5 of chapter 57 of the Revised Statutes of 1845 had no reference to judgments in actions in tort, for section 6 of the same act reads: "Nothing herein shall restrain or

prevent any execution from being issued against the body of any defendant, where the judgment shall have been obtained for a tort or a trespass committed by such defendant." Construing the two sections together, section 6 can only mean that where the judgment was obtained for a tort or a trespass, the provisions of chapter 52 referred to in section 5 had no application. Section 5 of the act of 1845 is, with slight changes, section 4 of the present statute. Section 1 of chapter 52 of the Revised Statutes of 1845 is, in substance, found in section 62 of the present statute, and section 5 of the present statute takes the place of section 6 of chapter 57 of the Revised Statutes of 1845.

We are in harmony with the view of the Appellate Court that appellant was entitled to have issued, after the return of the execution against the property unsatisfied, a *capias ad satisfaciendum,* but as we understand and construe the statute no affidavit in compliance with the provisions of section 62 was required. The judgment was for a tort committed by the defendant, and appellant was entitled to the writ, upon motion, without any showing in support of it. This precise question has not been previously decided by this court, but this view has been taken of the statute by the Appellate Court in *Kitterman* v. *People,* 181 Ill. App. 682, and *Nelson* v. *Swanson,* 186 id. 632, and by the Federal court for the northern district of Illinois in *Barney* v. *Chapman,* 21 Fed. Rep. 903, and that, we think, is the correct construction of the statutory provisions referred to.

The judgment of the Appellate Court and the judgment of the superior court of Cook county are reversed and the cause remanded to the superior court, with directions to vacate and set aside the order quashing the *capias ad satisfaciendum.*

*Reversed and remanded, with directions.*