# Helen C. Clarke, Appellant, v. Lewis A. Kemp, Appellee.

1.   SHERIFFS AND CONSTABLES, § 53*—*what must be shown by officer to justify levy and seizure of property claimed by third person.* In order to justify a levy and seizure of property, claimed by a third person, by a sheriff, the officer must not only show an execution but also that the execution was issued on a valid judgment.

2.   EXECUTION, § 47*—*when invalid because not conforming to judgment.* In order that an execution may be valid it must conform to and follow the judgment in all essential particulars, and it does not do so where the judgment is joint and the execution is against the property of only one defendant.

3.   SHERIFFS AND CONSTABLES, § 83*—*when instruction on necessity of demand for property seized as that of another before commencement of suit is erroneous.* In an action against a sheriff by the claimant of property levied upon by the officer as property of the claimant's father, to recover possession of such property, an instruction that where an officer levies an execution on property in possession of a defendant in execution, as the property of such defendant, then the officer's possession is not wrongful, and, if another claims the goods, he should make a demand, and that if the jury believed from the evidence that the possession of the goods levied on was, at the time they were levied upon, in the defendant in the execution, then it was necessary for plaintiff to prove that a demand was made upon the officer for the property before the commencement of her suit, was erroneous where the evidence did not show that the property was in the possession of defendant in execution and it showed that such defendant in execution told the officer, at the time of the levy, that plaintiff claimed the property.

4.   SHERIFFS AND CONSTABLES, § 72*—*when no demand is necessary before institution of suit to recover property seized upon debt of another.* There is no necessity of a demand by a claimant for property seized under an execution against it as the property of another, from the officer before commencement of a suit to recover possession of the property, where plaintiff told the officer at the time of the levy that she owned the property.

Appeal from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded. Opinion filed July 16, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

E. B. Green, Howard P. French and Theodore G. Risley, for appellant.

P. J. Kolb and M. J. White, for appellee.

Mr. Justice McBride delivered the opinion of the court.

It appears from the record in this case that about October 1, 1916, George S. Clarke, the father of appellant, purchased or traded for an automobile and on that day sold the automobile to his daughter, the appellant, for $500. The payment was made from money to the amount of $300 which appellant had accumulated in the bank and before that time had loaned to her father. The remaining $200 was paid by money, as appellant claims, that she borrowed from her mother that was the proceeds of the sale of some property owned by the mother. It further appears from the testimony that after the appellant purchased the car she had control of it and drove it herself and it was kept in the garage belonging to Wilkin & Miller of Mt. Carmel, and it was in this garage at the time it was levied upon by the appellee. It further appears from the evidence that on November 22, 1915, the Farmers National Bank of Allendale procured a judgment against Melchoir Leipold and George S. Clarke and that on March 7, 1917, an execution was issued by the circuit clerk of Wabash county, commanding the sheriff that of the goods and chattels, etc., of George S. Clarke you cause to be made the sum of $1,081.83, which the plaintiff lately recovered in a judgment against the defendant. It was by virtue of this execution that the appellee levied upon the automobile in question. It further appears from the evidence of appellant that at the time of the levy the father notified the appellee that the machine in question belonged to appellant. When the machine was levied upon the appellee took the key therefrom and placed the ma-

chine in the possession of Miller, one of the owners of the garage. On May 15, 1917, the appellant instituted this suit for the purpose of recovering possession of the property.

The declaration filed was in the usual form, to which the appellee filed three pleas, *non cepit, non debit* and a plea averring that the Farmers National Bank of Allendale before the time when the property was seized, etc., and on, to wit, March 29, 1917, caused an execution to be issued out of the county aforesaid against one George S. Clarke, directing that the sheriff cause to be made out of the goods and chattels of the said George S. Clarke the amount of money therein specified, and that said goods and chattels were taken and detained by virtue of said execution, and that the automobile in question was the property of the said George S. Clarke and not of the plaintiff. A trial was had which resulted in a verdict and judgment for the defendant, to reverse which this appeal is prosecuted.

Two principal errors have been assigned and argued by the appellant, by one of which the appellant claims that the execution admitted in evidence, over the objections of appellant, was invalid because it was not supported by any judgment against George S. Clarke. It appears from the record that the judgment upon which appellee claims the execution was issued was a judgment rendered in favor of the Farmers National Bank of Allendale and against Melchoir Leipold and George S. Clarke, jointly, and that the execution when issued was issued against George S. Clarke only. It was necessary, and seems to have been so recognized by counsel for appellee, that in order to justify a levy and seizure of property, upon property claimed by a third person, that in order to justify such a seizure the officer must not only show an execution but he must go further and show that such execution was issued upon a valid judgment. *Johnson v. Holloway,* 82 Ill. 334; *Hartman v. Cochrane,* 2 Ill. App. 594.

It is also contended by counsel for appellant that in order that an execution may be valid it must conform to and follow the judgment in all essential particulars, and that as this execution was issued against one only of two parties against whom the judgment was rendered that it became void. It is said by Freeman on Executions that an execution when issued must follow the judgment in all essential particulars: "In this part of the execution the same precision must be attained as is necessary in the entry of a judgment. It must show for and against whom the execution issues, the amount or amounts to be taken from the latter for the benefit of the former, and also show the date at which, and the court wherein, the judgment was rendered. No execution can be proper in form, unless, with reference to these particulars, it exactly pursues the judgment. * * * The execution must, on its face, appear to be against all the defendants, notwithstanding from death, bankruptcy or some other cause, no levy can be made on the property of some. Executions ought also to state the name of each defendant as it is set forth in the judgment." Freeman on Executions, sec. 42. The Supreme Court of Illinois quotes the above authority approvingly and then adds: "The execution must follow the judgment in every essential particular." *Hobson v. McCambridge,* 130 Ill. 367. And this same doctrine seems to be recognized by Herman on Executions, sec. 55.

In the case of *Brinton v. Gerry,* 7 Ill. App. 238, the court says: "The judgment is joint against Alexander, Marks and Gerry, and the rule is that the execution must conform in all respects to the judgment. The execution must on its face appear to be against all the defendants, notwithstanding, from death, bankruptcy, or some other cause, no levy can be made on the property of some one or more of them." And in support of this doctrine cites several authorities. Freeman, in his work on Executions, in support of the rea-

son of this rule, says: "The reason why the description of the judgment is inserted in the writ is that the officer may know what he is to enforce, and, that the writ may by inspection be connected with the authority for its issuance." Freeman on Executions, sec. 43.

It is said by counsel for appellee that any irregularity in the execution that existed was a matter of which the appellant had no concern. While this appears plausible yet the rule seems to be, as laid down by the authorities referred to, that before the property of third parties can be taken under an execution that it must be shown to be supported by a valid judgment, and that the execution must conform to the judgment; and the general rule is that where one seeks to take the property of another that before property can be subjected to seizure the process must at least be substantially in conformity with the laws of the land. The motive for issuing the execution against Clarke alone is not apparent from this record, but it may be that if the execution had conformed to the judgment and been issued against both defendants that the levy upon the property claimed by appellant would have been unnecessary.

It is also said that the replication filed by the appellant admitted the existence and validity of the judgment and the regularity of the execution. We do not so understand the pleadings in this case. The plea filed by the defendant did not set up any judgment at all but simply that an execution had been issued against Clarke, and when the execution was offered in evidence it was specifically objected to by counsel for appellant. It has been held by some courts that where all of the circumstances surrounding the issuance and levying of the execution shows that it was intended to have been issued upon the particular judgment, that such circumstance may be only an irregularity and would not necessarily render the execution void. It is, however, unnecessary, in the view we take of this case, to de-

termine whether the execution in question is void or not as the court erred in instructing the jury with reference to the necessity of a demand before the appellant could institute her suit of replevin, and we regard this assignment error, as not only supported by the law but as being a very meritorious one under the evidence in this case.

The court gave to the jury at the request of the appellee the following instruction: "The court instructs the jury that where an officer levies an execution on property in possession of a defendant in execution, as the property of such defendant, then the officer's possession is not wrongful, and if another claims the goods, he should make a demand, and that if you believe from the evidence in this case that the possession of the goods levied on and in controversy in this case were at the time they were levied on by the officer in the possession of a defendant in the execution, then it was necessary for the plaintiff, in order to be entitled to a verdict finding in her favor, to prove that a demand was made upon the officer for the property before the commencement of her suit." The evidence in this case did not show that George S. Clarke was in the possession of this property, but, according to the testimony of appellant and appellee, it was either in possession of the appellant or of Wilkin & Miller in their garage, and the giving of this instruction was misleading, as the jury would probably be led to believe that the court was of the opinion that the property was in the possession of George S. Clarke. The instruction was erroneous for another reason. It appears from the evidence of the appellant that at the time the levy was made that George S. Clarke told the officer that the property did not belong to him but belonged to his daughter, the appellant, and that notwithstanding this notice the officer proceeded to make the levy upon the property. It is true that the officer stated that Clarke was not present at the time the levy was

made; then if this be true the property was not or could not have been in the possession of George S. Clarke. And, again, the reason of a demand is that the officer may be advised that some one else is claiming the property, but if he was advised before making the levy that some one else claims to own the property then this is all that is necessary under such circumstances for such party to do. The Supreme Court in the case of *Greenberg v. Stevens,* 212 Ill. 609, says: "He was distinctly advised that the property belonged to the appellee and was in her possession and warned not to seize it, and having taken possession of it with full notice of the appellee's title, no demand, under all of the circumstances, was necessary." This same doctrine is announced in the text of 14 Am. & Eng. Encyc. of Law (2nd Ed.) 508. This instruction should at least have been modified by advising the jury that such demand was not necessary if the appellee had notice of appellant's title. We think this instruction should not have been given and that the jury may in all probability have been led to believe that before the appellant could institute this suit it was necessary to make a formal demand of the property.

We are of the opinion that such errors were committed in the trial of this case that renders another trial necessary, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*