George Pappas, Administrator of Estate of Aphrodite Pappas, Deceased, Appellee, v. Anne Reabus and George Reabus. Anne Reabus, Appellant.

Gen. No. 40,256.

500

Opinion filed April 10, 1939.   Rehearing denied April 24, 1939.

ANNE REABUS, *pro se,* and W. G. ANDERSON, of Chicago, for appellant; JOHN D. VOSNOS and H. M. WETZEL, both of Chicago, of counsel.

PETER FITZPATRICK and CLARENCE M. DUNAGAN, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

June 20, 1935, plaintiff brought an action against Anne Reabus and George Reabus, her husband, to recover for the wrongful death of Aphrodite Pappas. The complaint alleged that defendant Anne Reabus while driving a motor vehicle .as agent of her husband George Reabus, in Chicago, struck and killed Aphrodite Pappas, charged general negligence and violation of certain statutes, and further charged defendant Anne Reabus with wilful and wanton misconduct in the driving of the automobile.

Defendants filed their answer denying liability; later an order was entered giving defendants' counsel leave to withdraw his appearance. Afterward the case was tried *ex parte.* A special interrogatory was submitted to the jury as follows: "Did the defendant Anne Reabus at the time and place in question wilfully and wantonly, and with malice, operate the automobile in question?" The jury answered this in the affirmative and at the same time rendered a verdict finding both defendants guilty and assessing plaintiff's damages at $7,500. Judgment was entered on the verdict and afterward an execution was issued commanding the sheriff to arrest defendant Anne Reabus. The sheriff's return shows he was unable to find her. A number of pluries writs were issued but she was not found; on January 14, 1938, another *capias* issued

commanding the sheriff to take Anne Reabus unless the judgment was paid to him. The sheriff's return shows her arrest on January 28, 1938. March 24, 1938, counsel for Anne Reabus filed a written motion to quash the *capias;* on the same day an order was entered denying the motion, and she prosecutes this appeal. No brief has been filed by plaintiff in this case.

Defendant Anne Reabus contends that the *capias* is void because it did not run against both defendants, viz., herself and her husband George against whom the judgment was entered, and in support of this cites *Raemisch v. Askounis,* 266 Ill. App. 611 (Abst.); 8 Ency. Pl. & Pr. 632, and other authorities.

In the *Raemisch* case, plaintiff had a judgment against defendants Askounis and Ganios for $2,500 in an action for fraud and deceit. A *capias* was issued commanding the sheriff to arrest Ganios and commit him to jail. He made a motion to quash the writ, the motion was denied and he appealed. The order denying the motion was reversed and the matter remanded. The opinion states that after the entry of the judgment an execution was issued against both defendants and returned by the sheriff no part satisfied; that later a *capias* issued directing the sheriff to arrest both defendants, etc.; that Askounis was taken into custody and committed to the county jail, afterward was released and the judgment was satisfied in part. Ganios was not taken into custody under that writ but on another one issued some years later. It was there said: "The execution must follow the judgment and must on its face appear to be against all the defendants against whom the judgment is entered, notwithstanding from the death, bankruptcy or some other cause, no levy can be made on the property of some. Executions ought also to state the name of each defendant as it is set forth in the judgment. (*Clarke v.*

*Kemp,* 211 Ill. App. 206.)'' .The *Raemisch* case is not in point. There the judgment was for fraud and deceit against both defendants, while in the instant case the jury by the interrogatory submitted to it found that Anne Reabus was guilty of malice in the operation of the automobile. There was no such finding against defendant George Reabus, so that under section 5 of chapter 77, Ill. State Bar Stats. 1935 [Jones Ill. Stats. Ann. 107.155], she was the only one against whom an execution against the body might issue. That section, as amended in 1935, provides that, ''No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and it shall appear from a special finding of the jury . . . that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors.'' Moreover, the *capias* in the instant case, we think, meets all the requirements of the law as announced in the *Raemisch* case. The writ commands the sheriff to take Anne Reabus and keep her safely to satisfy the judgment for $7,500 rendered April 12, 1937, in favor of George Pappas as administrator of the estate of Aphrodite Pappas, deceased, against Anne Reabus and George Reabus.

Defendant further contends that, ''The writ is void in that it was issued without an affidavit having been previously filed alleging that, upon demand, the defendant 'refused to deliver up her estate' in satisfaction of the judgment.'' In support of this it is urged that since the amendment of 1935 to section 5, as above quoted, an execution against the body of the defendant is authorized only when the judgment obtained is for a tort committed by the defendant and there is a special finding by the jury or court that malice is the gist of the action; and except also when the defendant shall refuse to deliver up his property for the benefit of his

creditors; and it is argued in the instant case that there is no showing that defendant Anne Reabus refused to deliver up her property in satisfaction of the judgment; that this latter fact must be shown "by way of affidavit or otherwise." This contention cannot be sustained. We think that under section 5 an execution against the body may issue where the judgment is based on a tort committed by the defendant, provided there is a special finding by the jury or the court that malice was the gist of the action; and secondly, an execution against the body may issue where the defendant refuses to deliver up his property whether the action is based on contract or tort. *Field & Co. v. Freed,* 269 Ill. 558. The effect of the 1935 amendment to section 5 was to abolish executions against the body in tort actions in which malice is not the gist of the action, and also to forbid the issuance of a body execution even in actions in which malice is the gist of the action unless there is a special finding by the jury, or by the court where the case is tried without a jury, that malice is the gist of the action. Whether the legislature should have gone farther and abolished body executions in all tort actions, and whether the present statute is "out of tune with the American spirit and has no place in American jurisprudence," as said in *City of Chicago v. The Tribune,* 307 Ill. 595 (which was an action for an alleged libel claimed to have affected the financial credit of the City) obviously is in the province of the legislature and not of the courts. (See *Reinwald v. McGregor,* 239 Ill. App. 240.)

The order of the superior court of Cook county overruling defendant's motion to quash the *capias* is affirmed.

*Order affirmed.*

McSurely, P. J., and Matchett, J., concur.