Motorola-Chicago Co. v. John Sherbet d/b/a
Courteous Television, Appellant.

Gen. No. 47,079.

First District, First Division.
November 5, 1956.
Released for publication December 3, 1956.

Williams & Leonard, of Chicago, and Charles M. May, of Waukegan, for appellant; John L. Roach, of Chicago, of counsel.

No brief filed for appellee.

JUDGE BURKE delivered the opinion of the court.

A default judgment was entered by the Circuit Court of Cook County for $2,910. In the judgment order there was a finding that malice was the gist of the action. By authority of a writ of *capias ad satisfaciendum* the defendant was seized and imprisoned in the common jail of Lake County. Subsequently a petition to quash the writ and release the defendant was filed in the Circuit Court of Cook County. He appealed from the order denying him relief. Appellee did not appear or file a brief.

The defendant maintains that the 1955 amendment to Sec. 65 of an act in regard to judgments and decrees (Par. 68, Ch. 77, Ill. Rev. Stat. 1955) requires that immediately upon arrest the defendant be taken to

the court out of which the execution issued for a summary hearing of the evidence as to the facts alleged in the affidavit filed under the provisions of Sec. 62 (Par. 65) of that act [Ill. Rev. Stats. 1955, ch. 77, § 65]. Defendant argues that the General Assembly, by amendments to the act, "ended imprisonment under a malice judgment." He says that a judgment debtor cannot be imprisoned under Sec. 5 of the act [Ill. Rev. Stats. 1955, ch. 77, § 5], since there is no limitation therein on the length of imprisonment for debt, and "we must therefore look to Section 65 for any further limitation upon a body execution."

In the case of In re Petition of Blacklidge, 359 Ill. 482, the Supreme Court held (486) that in a tort action based on malice the writ of *capias ad satisfaciendum* may be obtained on a judgment without an execution being issued to require him to deliver his property. In Pappas v. Reabus, 299 Ill. App. 499, the defendant asserted that the writ was void in that it was issued without an affidavit having been previously filed. She also argued that there was no showing that she refused to deliver up her property in satisfaction of the judgment. In affirming the order overruling defendant's motion to quash the *capias ad satisfaciendum* the court said (503):

"We think that under section 5 an execution against the body may issue where the judgment is based on a tort committed by the defendant, provided there is a special finding by the jury or the court that malice was the gist of the action; and secondly, an execution against the body may issue where the defendant refuses to deliver up his property whether the action is based on contract or tort. Field & Co. v. Freed, 269 Ill. 558. The effect of the 1935 amendment to section 5 was to abolish executions against the body in tort actions in which malice is not the gist of the action, and also to forbid the issuance of a body execution even in actions in which malice is the gist of

the action unless there is a special finding by the jury, or by the court where the case is tried without a jury, that malice is the gist of the action."

In the Freed case, 269 Ill. 558, the court said (563):

"In the case before us the judgment was in an action of tort in which malice was the gist of the action. The judgment was the authority for issuing an execution against the body and not a showing by affidavit, under the provisions of section 62, that the debtor had property which he unjustly refused to surrender, or that since the debt was contracted he had fraudulently conveyed, concealed or otherwise disposed of property with a design to secure the same to his own use or to defraud his creditors. The purpose of section 62 was to authorize an execution against the body upon any judgment, whether in tort or upon a contract, if the plaintiff in the judgment will file an affidavit complying with the requirements of that section. Under section 5, if the judgment is for a tort committed by the defendant, an execution against the body is authorized without regard to whether the defendant has or has not property and without regard to whether he has refused to deliver his estate up for the benefit of his creditors."

The 1955 amendment to Section 65 of the act (Par. 68) applies to a *capias ad satisfaciendum* issued under Section 62 (Par. 65) of that act. Section 65 contemplates that there shall be a summary proceeding to hear evidence as to facts alleged in the affidavit filed under the provisions of Section 62. In the instant case the *capias ad satisfaciendum* was issued under a special finding and judgment in tort that malice is the gist of the action. In that state of the record no affidavit was required. Certain provisions of Section 65 (Par. 68) are applicable to a *capias ad satisfaciendum* where malice is the gist of the action and also to

530

such a writ issued under Section 62 (Par. 65) of the act: for instance, Section 65 (Par. 68) states that no person shall be imprisoned under the provisions of the act for longer than six months. As the 1955 amendment to Section 65 (Par. 68) is not applicable to the case at bar the plaintiff was not required to file an affidavit nor was there a duty to take the defendant before the court for a summary proceeding to hear evidence as to the facts. In our opinion the trial judge decided the case correctly. Therefore, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

NIEMEYER, P. J. and FRIEND, J., concur.