**Nettie Norton, Plaintiff-Appellant, v. Thomas E. Furlong, Defendant-Appellee.**

Gen. No. 48,510.

First District, First Division.

October 29, 1962.

Edward F. Vyzral and Herman R. Tavins, of Chicago (Herman R. Tavins, of counsel), for appellant.

Frank McAdams, Jr., of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order, entered on defendant's motion, quashing a writ of capias ad satisfaciendum. The writ was issued after plaintiff had brought suit against defendant charging him, essentially, with wrongful conversion of funds. Plaintiff received a money judgment and when the judgment was not satisfied, the writ was issued. Although this appeal involves only the writ of capias ad satisfaciendum, it is necessary to review the entire action below.

The initial complaint contained, in substance, the following allegations. Plaintiff and her deceased husband had owned all the stock of Steel Motor Service, a corporation, engaged in interstate trucking. After her husband's death, plaintiff, being unfamiliar with business affairs, employed the defendant as general manager. The defendant had extensive experience in accounting and business and plaintiff relied on him with respect to management of the business. As a result, plaintiff alleged, a fiduciary relationship and position of trust existed between them. On September 20, 1955, plaintiff's interest in the Steel concern was sold and subsequently, on November 15, 1955, the defendant, knowing he occupied a position of trust, induced the plaintiff to give him $10,000 with which to purchase another trucking firm, Beneventi's Motor Service. It was agreed that defendant would operate the firm with ownership divided 60% for plaintiff and

40% for defendant. Plaintiff was later informed by defendant that he would not be able to procure the Beneventi business, but would be able to acquire another concern, Alert Motor Carriers for $5,000. Defendant suggested the remaining $5,000 be used for working capital with ownership divided 60–40 as agreed previously. Plaintiff agreed to let defendant use her money for this purpose.

The complaint then alleged that defendant subsequently fraudulently acquired the Alert company as sole owner with intent to cheat and defraud plaintiff and converted the $10,000 to his own use. Defendant later induced plaintiff to give him another $2,000 for use in said business. Plaintiff gave defendant this money believing she had an interest in the aforementioned business. Defendant was charged with converting this money to his own use. Several months later, defendant obtained another $1,500 under the same circumstances along with endorsed checks in the amount of $2,200 to deposit in plaintiff's account which defendant did not do, but rather, returned to plaintiff only $1,075. All of this was alleged to have occurred while a fiduciary relationship existed between the parties. Finally, defendant was charged with using plaintiff's funds to purchase another firm, Veseley Bros. Cartage, in his own name. The complaint prayed for an injunction, discovery, a finding that malice was the gist of the action, money judgment and other relief.

Thereafter, by default, a money judgment decree was entered against defendant in the amount of $14,675 on October 5, 1956. In addition to granting plaintiff the money judgment, the decree further found that defendant, while occupying a fiduciary relationship and position of trust, fraudulently and with the intent to cheat, purchased certain property with plaintiff's funds as alleged, and wrongfully converted the

properties to his own use. There was a specific finding that malice was the gist of the action.

Defendant then petitioned under the provisions of Section 72 of the Illinois Civil Practice Act (Ill Rev Stats (1955) c 110, § 72), to vacate the default judgment, alleging that while negotiations for settlement were going on between the parties, the plaintiff and her attorneys concealed the fact that a default decree was being entered, thereby preventing defendant from having his day in court. The petition alleged that defendant had a complete defense to the action and set forth alleged details of the litigated transactions in a supporting affidavit. In a motion to stay execution of the default decree, defendant stated that, in addition to the money judgment, the decree contained an express finding that "malice is the gist of the action," and because of this express finding, "defendant is in jeopardy of the issuance of a capias ad satisfaciendum, pursuant to Ill Rev Stats (1955), c 77, par 5, and consequent imprisonment." Plaintiff's motion to strike the petition was denied and the matter was referred to a Master in Chancery to take proofs.

The Master, after hearing some 500 pages of testimony, found that the allegations in the complaint were true and that defendant, "with intent to cheat and defraud plaintiff," fraudulently and wrongfully used plaintiff's funds for the purchase of the businesses and that "malice is the gist of the action." The Master's Report further found that defendant did not prove he was in the exercise of diligence and recommended that defendant's petition to vacate the default be denied. An exception to the Master's Report was overruled and a decree was entered in conformity with the report and recommendations.

Subsequently, several executions were issued, and on March 15, 1961, on the return of a writ of capias ad satisfaciendum, an order was entered directing the

defendant be kept in the County jail until he satisfied the judgment. On March 24, 1961, a motion to quash the writ was filed, and on April 1, 1961, an order was entered releasing defendant from custody upon his payment of the sum of $1,592.50. This money was paid and defendant was released from custody. Plaintiff now appeals from this last order.

■■ The sole question before this court is whether the writ of capias ad satisfaciendum was valid. Defendant contends the writ was invalid because the record failed to show that the judgment had been obtained for a tort committed by defendant.

The statute governing issuance of a body execution provides:

> No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, and it shall appear from a special finding of the jury or from a special finding by the court, if the case is tried by the court without a jury, that malice is the gist of the action, and except when the defendant shall refuse to deliver up his estate for the benefit of his creditors. Ill Rev Stats (1959) c 77, par 5.

The defendant admits that the decree in question, entered October 5, 1956, contains a special finding that "malice is the gist of the action" as required in the statute, but defendant argues that the writ is bad since the decree did not contain a finding that the judgment was obtained for a tort committed by defendant. Defendant stresses that the issuance of a body execution by the Clerk of the court is a ministerial act, and if mandatory conditions relating to a body execution are missing, the Clerk cannot supply them by an examination of the pleadings, or the record in the case, since these are judicial acts beyond the authority of the clerk. Ingalls v. Raklios, 373 Ill 404, 26 NE2d 468.

In Ingalls, the Supreme Court held that the mere statement in a judgment that the court makes a special finding of malice does not satisfy the statute governing body executions. The requirement that there be a special finding that malice is the gist of the action was added in 1935. See Shatz v. Paul, 7 Ill App2d 223, 129 NE2d 348; Pappas v. Reabus, 299 Ill App 499, 20 NE2d 327.

Neither the statute itself nor any of the aforementioned cases support defendant's contention that there be a finding that the judgment was obtained for a tort committed by the defendant. The statute itself merely states that the "judgment shall have been obtained for a tort committed by such defendant."

In Ingalls, the Supreme Court said that the requirement is that "the judgment shall show that the judgment was obtained for a tort."

Defendant appears to contend that the writ is invalid since it lacks the words "judgment is in tort." As we said before, the statutory requirement is solely that the decree show that the judgment was for tort. The decree in question here, by finding specific fraudulent acts committed by defendant, does satisfy this requirement.

The trial judge who entered the order appealed from heard the matter, for the first time, when the motion to quash was assigned to him. We are of the opinion that he exceeded his discretion in ordering the writ quashed.

Order reversed.

MURPHY and ENGLISH, JJ., concurring.