## Morris Levy, Plaintiff in Error, v. J. Frohlich & Co., Defendant in Error.

### Gen. No. 17,201.

1. APPEAL AND ERROR—*sufficiency of record.* Under Municipal Court Act, § 23, par. 6, which provides for the making up of the record for appeal by the judge's approving a statement of facts prepared by counsel, or a stenographic record, and adding a statement of all questions of law involved in the case, a document filed as a "stenographic report," which is neither a statement of facts proved on the trial nor attempts to set out all questions of law involved in the case, is insufficient for appeal and should be stricken from the files.

2. APPEAL AND ERROR—*sufficiency of record.* No questions are presented for determination on appeal from a judgment of the Municipal Court where the record does not contain a "statement of facts proved on the trial" and "all questions of law involved in the case" or a "stenographic report" of the proceedings as required by Municipal Court Act, § 23, par. 6.

Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

MAX LUSTER, for plaintiff in error; J. AMBROSE GEARON, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

The writ of error in this case presents for review a judgment entered in the Municipal Court of Chicago in favor of the defendants in error, who were the defendants in the court below, upon a claim of set-off. A motion was made by the defendant in error to strike from the record, amongst other things, an instrument alleged to be a stenographic report. This motion was reserved to the hearing of the case.

The document referred to is shown by the record to have been filed as a "stenographic report." The certificate of the judge is in the following language:

"And inasmuch as the foregoing proceedings do not sufficiently appear of record the plaintiff tenders this his statement of facts proved upon the trial, in accordance with the statute in such case made and provided and prays that the same may be signed and sealed by the judge of the Municipal Court before whom such case was tried and made a part of the record which is done accordingly * * * ."

Apparently an attempt was made in this way to comply with the 6th paragraph of section 23 of the act creating the Municipal Court. An inspection of the document shows that it is not a "statement of facts proved upon the trial," nor does it attempt to set out "all questions of law involved in the (such) case," as required by the statute. Seehausen Wehrs & Co. v. Interstate S. & I. Co., 150 Ill. App. 179. The motion to strike it from the files is therefore allowed.

No questions of law or fact are presented which can be considered by us in the absence of such a statement or stenographic report, and the judgment is therefore affirmed.

*Affirmed.*