## Charles H. Allen, Defendant in Error, v. Michael J. Roughan, Plaintiff in Error.

### Gen. No. 17,170.

1. MUNICIPAL COURT—*proceedings at trial to be reviewed, must be preserved in the form required by statute.* When what purports to be a stenographic report of proceedings had at the trial, is certified to as a "statement of facts," it cannot be treated as a part of the record, and errors assigned upon it cannot be considered.

2. MUNICIPAL COURT—*affidavit of merits which merely denies generally is not sufficient.* Under rule 20 of the Municipal Court an affidavit of merits which merely denies generally the facts alleged in the statement of claim is not sufficient.

3. MUNICIPAL COURT—*where amended affidavit of merits filed.* Where an affidavit of merits is stricken from the files and leave is taken to file an amended one, the defendant is considered to have abided by the action of the court and is bound in the same way as a party who fails to stand by his demurrer at common law.

4. PLEADING—*counterclaim properly stricken from the files.* Where the counterclaim does not relate to the subject-matter of the cause of action, it is properly stricken from the files.

5. MUNICIPAL COURT—*pleading.* Under the simplified procedure of the Municipal Court only the substantial or chief facts necessary to show either a legal cause of action or a legal defense, and the nature of it, need be stated, and evidentiary facts should be omitted.

Error to the Municipal Court of Chicago; the Hon. ISIDORE H. HIMES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed December 3, 1912.

J. A. COLEMAN, for plaintiff in error.

WILLIAM T. DICKERMAN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This is a case of the fourth class. Paragraph 6 of Section 23 of the Municipal Court Act provides two methods of preserving for review a record of proceedings had at the trial. One is by a correct statement of the facts appearing upon the trial and of the

questions of law involved and of the decisions of the court thereon, and the other is by a correct stenographic report of the proceedings at the trial and correct statement of such other proceedings as the party requesting it may desire to have reviewed. Whichever it is it must be authenticated or attested as such by the judge of that court, otherwise it is not properly a part of the record and cannot be considered. What is presumably a stenographic report of proceedings had at the trial is certified to in this record as a "statement of facts." It does not set forth a statement of facts nor questions of law. In construing this section in Seehausen, Wehrs & Co. v. Interstate Steel & Iron Co., 150 Ill. App. 179, we said: "That the instrument, incorporated by the clerk into the record, is such statement as the statute requires must not be left to conjecture, presumption or assumption, but must be shown by proper authentication or attestation. * * * We cannot indulge in the presumption that the instrument is what on its face it does not purport to be and what no one asserts it to be." We have followed the practice of striking similar certificates from the record. See Levy v. Froelich, 172 Ill. App. 170. While this portion of the record may have been intended for a stenographic report, without the judge's certification to that effect we do not know that it is such, or that it is correct. It clearly is not a statement of facts nor certified to be correct, as required by the statute. Not being in conformity with the statute it cannot be treated as a part of the record and errors assigned upon it cannot be considered.

Considering only such assignments of error as are argued, and not based upon such alleged "statement of facts," we are first asked to hold that it was error to strike from the files that part of the affidavit of defense which counsel contends answers the office of the plea of general issue. It is enough to say that, under Rule 20 of that court, an affidavit of merits which merely denies generally the facts alleged in the statement of claim is not sufficient.

The other errors assigned may well be considered together. One is to striking the ''set-off and counter-claim'' from the files; another to striking of the ''affidavit of merits and set-off'' from the files, and another to entering a default for want of an ''affidavit of merits.'' While plaintiff does not specifically designate which instrument or instruments he refers to, several of which were stricken from the files, yet as he obtained leave to withdraw all affidavits filed prior to October 13th, he presumably refers in his assignments to the two instruments filed October 13th, and designated respectively as ''statement of counterclaim'' and ''affidavit of merits.'' On October 28th an order was entered striking them from the files and granting leave to file ''an amended affidavit of merits'' in two days. Presumably this meant a new affidavit of merits, as there was nothing left in the record to amend. On November 1st defendant moved for leave to file ''an amended affidavit of merits'' and the motion was denied, and default taken for want thereof. A so called ''certificate of evidence,'' for which we find no authority in the Municipal Court Act, contains the proffer of such an affidavit. We cannot consider it.

While no grounds are set forth in the record for the court's striking from the files the ''claim of set-off'' and the ''affidavit of merits'' filed October 13th, yet justification in so doing may be found in that the counterclaim did not grow out of the subject-matter of the cause of action, and because the defendant, having taken leave to file an amended affidavit of merits, must be held to have abided by the action of the court in striking his previous affidavits from the files. If it was stricken from the files for insufficiency defendant would be bound in the same way as is the party who fails to stand by his demurrer at common law (Bennett v. Union Cent. Life Ins. Co., 203 Ill. 439); for a motion to strike from the files for insufficiency an affidavit, which answers the purpose of a pleading, performs the office of a demurrer at common law.

We are forced to observe that the record is rendered more or less obscure and confusing by the indefinite use of the terms employed in the Municipal Court to designate what answer for pleadings, and by the absence of a showing in the record of grounds for the court's action, thus necessitating much needless labor in examining the record. Several of these affidavits could properly have been stricken from the files both for impertinence and setting forth evidentiary facts. They were in a form that tends to defeat the contemplated purpose of simplified procedure, and that casts an unnecessary burden on a court of review. In cases of the fourth class neither the act nor the rules adopted thereunder, as we understand them, require more than that the substantial or chief facts necessary to show either a legal cause of action or a legal defense, and the nature of it, need be stated. They do not contemplate pleading evidentiary facts. Nearly fifty pages of this record are devoted to a futile attempt apparently to bring to an issue the charge of maliciously converting plaintiff's property to defendant's own use; and frequently upon grounds not manifest and left to surmise, several unduly long affidavits were stricken from the files, and at last judgment was entered as by default.

Upon a careful review of the record, however, we are constrained to hold, that whether or not the last affidavit of merits was properly stricken from the files, plaintiff is in no position to complain, having taken leave to, and failed to file another; that the counterclaim did not relate to the subject-matter of the cause of action, and was properly stricken from the files; that judgment by default was, therefore, properly entered; and that the proceedings relating to the trial before the jury were not preserved in the form required by the statute for the consideration of errors assigned thereon. The judgment will, therefore, be affirmed.

*Affirmed.*