56    APPELLATE COURTS OF ILLINOIS.

Hubbard-Zumurray Steamship Co. v. Crescio, 179 Ill. App. 56.

## Hubbard-Zemurray Steamship Company, Defendant in Error, v. John Crescio, Plaintiff in Error.

### Gen. No. 17,336.

1. EXECUTIONS—*arrest.* A judgment in tort does not warrant imprisonment in jail for failure to pay when malice is not the gist of the action.

2. MUNICIPAL COURT—*tort verdict in action on contract.* That the verdict is in the form and language of a tort verdict while the statement of claim is in contract is not error.

3. CORPORATIONS—*doing business without license.* In the absence of proof it is not presumed that plaintiff is a foreign corporation doing business without a license.

4. NEW TRIAL—*diligence in discovering evidence.* A party who moves for new trial on the ground of newly discovered evidence must show that he used due diligence.

5. DEPOSITIONS—*motion to quash.* A motion to quash depositions must be made in apt time.

6. APPEALS AND ERRORS—*judgment entered against defendant in business name.* Where one doing business in the name of his brother, appears and defends a suit naming the brother as defendant and judgment is rendered against him in the name of his brother it will be reversed and judgment entered on appeal against him in his real name, it appearing under the evidence that justice is done thereby.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with judgments. Opinion filed April 30, 1913.

HAYNIE & LUST, for plaintiff in error.

CHARLES A. BUTLER, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

The Hubbard-Zemurray Steamship Company began this fourth class action in the Municipal Court against John Crescio, and recovered a verdict and judgment against him in the sum of $126 and costs.   David

CHICAGO—FIRST DISTRICT—APRIL, 1913.    57

Hubbard-Zumurray Steamship Co. v. Crescio, 179 Ill. App. 56.

Crescio prosecutes this writ of error in the name of John Crescio to reverse the judgment.

By its statement of claim defendant in error declared, in substance, that John Crescio was liable to it in said sum for his failure, in accordance with his contract, to receive and pay for a certain car load of bananas shipped to him by said company, f. o. b. cars, Mobile, Alabama.

The appearance of David Crescio, doing business as John Crescio, was filed by his attorney in the lower court, together with an affidavit of merits, sworn to by David Crescio, in which he stated that he was the defendant in the cause and was doing business as John Crescio, and that he was entitled to his counterclaim in recoupment for his damages therein set forth. A jury trial was had in which David Crescio participated as the sole defendant by Samuel Frank Nox, his attorney. The summons issued in the cause directs the officer to summon John Crescio, and the officer made return that he "Served this writ on John Crescio, David Crescio herein named by delivering a copy to him," etc. John Crescio did not plead or appear in person at the trial. Defendant in error introduced evidence completely proving its claim against the defendant, John Crescio. David Crescio, as the defendant, was sworn and testified for himself that he and John Crescio were brothers; that his brother, John Crescio, formerly did business at 101 S. Water street, Chicago, and that he, David Crescio, since that time has done business there as John Crescio, and that he, David Crescio, made the contract in question with defendant in error, and that John Crescio, his brother, had nothing to do with making that contract. He also testified, in substance, that the car of fruit offered him by the defendant in error was not the character of fruit purchased by him of it and that by reason thereof he was entitled to his counterclaim for damages. At the close of the evidence he, by his attorney, moved the court to direct the jury to find the "de-

fendant not guilty," which was denied, and the jury then returned the following verdict:

"We, the jury, find the defendant guilty as alleged in the plaintiff's statement of claim and assess the plaintiff's damages at the sum of one hundred twenty-six dollars in tort."

David Crescio thereupon moved the court to grant him a new trial which the court overruled, and also overruled his motion in arrest of judgment. Thereupon the court entered "Judgment on the verdict in favor of the plaintiff and against the defendant" for said sum and costs, and fixed the stay bond at the sum of $250. David Crescio tendered and had signed the bill of exceptions herein, and signed the stay bond in said sum as principal with John Crescio as surety, the bond reciting that this judgment was rendered against David Crescio. All the files of the lower court filed by the defendant in error from the statement of the claim to and including the judgment of the court run in the name of the defendant in error against John Crescio, none of them at any time having been amended, and, therefore, the judgment stands of record against John Crescio instead of David Crescio.

Plaintiff in error insists here that the judgment against John Crescio is absolutely void, as he was never served with process, and that there can be no judgment against him, David Crescio, because being a person distinct from John Crescio, he should have been, but was not, made a party defendant in the cause. He also insists this court has no jurisdiction and suggests that we ought to dismiss this writ of error for want of jurisdiction, because John Crescio never was served and never appeared in the lower court, and because David Crescio, not being a party to the judgment, has no standing in this court. In the event that we should not be disposed to dismiss the writ of error for want of jurisdiction, it is then argued by plaintiff in error that we reverse the judgment for errors of the court, (1) because the record shows that defendant in error is a foreign corporation and it does not

affirmatively appear that it was legally licensed to do business in this state; (2) because the court denied plaintiff in error's motion to quash defendant in error's depositions; (3) because the suit is in tort and the verdict and judgment are in tort, instead of in contract, thereby making the defendant therein subject to jail imprisonment, if he fails to pay the judgment; (4) because the court refused to grant a new trial to permit the plaintiff in error to make the newly discovered defense that defendant in error was a foreign corporation and was illegally transacting its business in this state without a license contrary to the statute.

There is absolutely no merit in any of the foregoing contentions, save the one suggestion that the judgment stands of record against the wrong party, John Crescio, instead of David Crescio, the real defendant in the lower court. There is no contention here that under the evidence the defendant in error is not justly entitled to a judgment against David Crescio in the sum of $126 and costs. David Crescio appeared in the court below and defended the suit as the real defendant, and the jury and the court in fact rendered the verdict and judgment against him. The verdict and judgment stand of record against John Crescio simply and only because of the negligence of defendant in error's counsel in the lower court in failing to amend all his files in said cause, and to substitute therein the name of David Crescio as defendant instead of that of John Crescio. There is nothing in the argument that the statement of claim and the judgment are in tort. If they were in tort that would not warrant imprisonment in jail for failure to pay the judgment as malice was not the gist of the action. First Nat. Bank of Flora v. Burkett, 101 Ill. 391. It is of no consequence that the verdict of the jury was in the form and language of a tort verdict, and plaintiff in error asked the court to direct for the plaintiff in error a verdict of "not guilty." which is also a verdict in the form and language of a verdict in tort, while the suit, as

60      APPELLATE COURTS OF ILLINOIS.

Hubbard-Zumurray Steamship Co. v. Crescio, 179 Ill. App. 56.

shown by the statement of claim, was in contract. There was no defense made on the trial that the defendant in error was illegally transacting business in this state without a license contrary to the statute. In the absence of such defense or proof it will not be presumed that the defendant in error was a foreign corporation transacting business without a license, nor that its business was transacted in this state. March-Davis Cycle Mfg. Co. v. Strobridge Lithographing Co., 79 Ill. App. 683. The plaintiff in error entirely failed to show that he used due diligence in discovering and making such alleged newly discovered defense on the trial, and also failed to show that he made his motion in apt time to quash the depositions. He is not in a position, therefore, to complain of error, and there was no error, in the court's rulings refusing to quash the depositions and to grant a new trial. As David Crescio did business in the name of John Crescio, and appeared in person and defended this suit in the court below as the real defendant, and also prosecutes this writ of error in the name of John Crescio, he has had his day in both courts. The record substantially shows that the judgment was really rendered against him on the merits in his business name of John Crescio as aforesaid. The judgment, however, is erroneous because it was not rendered against him in his real name. Such a judgment against him in his real name would have been both substantial and exact justice under the evidence, and should be entered against him in this court. Edgerton v. Chicago, R. I. & P. R. Co., 240 Ill. 311.

The judgment is, therefore, reversed and judgment is entered in this court in favor of the defendant in error and against plair tiff in error, David Crescio, in the sum of one hundred and twenty-six dollars and all costs in the court below, and for one-half of the costs in this court. Judgment is also entered in this court in favor of plaintiff in error and against the defendant in error for one-half of the costs in this court.

*Reversed with judgments in this court.*