objection or base any motion upon the question of variance, it has clearly, under the decisions of this court and our Supreme Court, waived all questions of variance. *Chicago City Ry. Co. v. Phillips,* 138 Ill. App. 438; *City of Chicago v. Bork,* 227 Ill. 60; *Lake Shore & M. S. Ry. Co. v. Ward,* 135 Ill. 511.

Defendant complains of the 16th instruction given on behalf of the plaintiff. The main objection against this instruction is that the court submitted to the jury the question whether or not Myron was the servant of the defendant, instead of holding as a matter of law that he was not its servant. We have already held that the court did not err in its ruling. While defendant, in the course of its argument, sets forth several other reasons why this instruction is bad, we, however, believe that it correctly stated the law, under the facts in the case, and that defendant's contention in regard thereto is not well taken.

Defendant also complains of the ruling of the court in admitting in evidence and submitting to the jury the telephone conversation testified to by Draper. Under the rule as laid down in *Godair v. Ham Nat. Bank,* 225 Ill. 572, the telephone conversation was admissible if material and relevant to the issues. That we have so regarded it is evident by our reference thereto in passing upon the first contention of the defendant.

Finding no reversible error, the judgment of the Circuit Court will be affirmed.

*Affirmed.*

---

## In re Petition of R. O. Witzke, Appellant, v. Frederic Greer, Appellee.

### Gen. No. 20,948.    (Not to be reported in full.)

Appeal from the County Court of Cook County; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at

the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

## Statement of the Case.

Petition by R. O. Witzke against Frederic Greer for release from arrest under the Insolvent Debtors' Act (J. & A. ¶¶ 6198-6250 inc.), petitioner having been arrested for failure to satisfy a writ of *capias ad satisfaciendum* after judgment against him in an action of trover. From a judgment denying the petition, the petitioner appeals.

On November 5, 1913, a writ of replevin was issued from the Municipal Court of Chicago on behalf of Frederic Greer, appellee, and against A. E. Armstrong and R. O. Witzke, the latter being the appellant,-for the recovery of an automobile. The property not being recovered, on November 20th, in the same action, plaintiff filed a statement of claim in the usual and customary form used in an action of trover, alleging damages in the sum of $275.

To this statement of claim defendant filed an affidavit of merits, setting forth, in substance, that he became the purchaser of the said automobile at a public sale held by the bailiff of the Municipal Court of Chicago under a writ of execution issued by the said Municipal Court. Upon the conclusion of the trial, plaintiff presented a motion in writing to instruct the jury to find the issues in his favor, accompanied with the following instruction:

"The court instructs the jury to find the defendant guilty and assess the plaintiff's damages at the sum of two hundred and seventy-five dollars ($275) in trover."

The court, however, refused to direct a verdict in that form, but gave the jury the following form of verdict with directions to sign same:

"We, the jury, find the defendants, H. E. Armstrong and R. O. Witzke, guilty of having maliciously, wil-

fully and intentionally, and with intent to injure and defraud the plaintiff converted to defendants' own use, the goods and chattels of the plaintiff and assess the plaintiff's damages at the sum of two hundred and seventy-five dollars ($275),''
which was returned by the jury and judgment rendered thereon by the court. Said judgment and costs not having been paid, a *capias ad satisfaciendum* was issued and served upon the defendant. Upon his failure to satisfy the writ, defendant was taken into custody. On the same day he filed his petition for release from such arrest, under the Insolvent Debtors' Act ( J. & A. ¶¶ 6198 *et seq.*), and was released on a bond conditioned upon his appearance on the hearing of said petition. On the hearing before the court all the papers in the original replevin suit were produced, viz.: The affidavit, writ and bond, plaintiff's statement of claim, defendant's affidavit of merits, the motion for a directed verdict presented by the plaintiff, the form of verdict as set out in said motion, also the verdict returned by the jury at the direction of the court, and the judgment issued thereon. Upon this state of the record defendant asked the discharge of the defendant on his petition, insisting that malice was not the gist of plaintiff's action. Plaintiff maintained the contrary, insisting that trover is an unlawful conversion of property and that the verdict of the jury found defendant guilty of having maliciously, wilfully and with intent to injure and defraud the plaintiff, converted to his own use the goods and chattels of the plaintiff, and that judgment having been rendered thereon, said judgment was *res adjudicata* on the question whether malice is or is not the gist of the action. The court held that malice was the gist of the action, and upon that ground remanded defendant to the custody of the sheriff.

C. A. FITCH, for appellant.

McINERNEY, POWER & BYRNES, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § 295*—*how question of malice determined.* The question whether malice is the gist of an action so as to entitle a debtor who has been arrested for failure to satisfy a writ of *capias ad satisfaciendum* to a release from imprisonment upon petition under the Insolvent Debtors' Act (J. & A. ¶¶ 6198-6250 inc.), must be, determined from the face of the record when the record affords the means of such determination.

2. JUDGMENT, § 454*—*when question as to malice res adjudicata.* If it appears from the pleadings in an action that malice was the gist of the action, the doctrine of *res adjudicata* applies as to the question whether or not malice was or was not the gist of the action.

3. TROVER AND CONVERSION, § 7*—*what is gist of the action.* The gist of an action in trover is the conversion of the property.

4. TROVER AND CONVERSION, § 37*—*what proof essential.* All that need be shown in a count sounding in trover is the ownership of the property in the plaintiff, that it came into the possession of the defendant, and that the defendant converted it to his own use.

5. EXECUTION, § 294*—*when release of judgment debtor in trover proper.* A judgment debtor who has been arrested upon a *capias ad satisfaciendum* after failure to pay a judgment in an action in the Municipal Court is entitled, upon petition under the Insolvent Debtors' Act (J. & A. ¶¶ 6198-6250 inc.), to be released from custody where the statement of claim clearly shows that the action is one of trover, since malice is not the "gist" of such an action.

6. EXECUTION, § 295*—*when verdict cannot supply malice.* The verdict in an action in the Municipal Court cannot supply the element of malice or fraud unless they appear in the statement of claim either expressly or impliedly.

---

## Frederick H. Case, Plaintiff, v. Emerson-Brantingham Company, Defendant.

## Emerson-Brantingham Company, Appellant, v. George A. Donnelly, Intervening Petitioner, Appellee.

### Gen. No. 20,326.

ATTORNEY AND CLIENT, § 119*—*how amount of attorney's fee computed on settlement direct with client.* An agreement between an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.