## In the Matter of the Petition of Lena Warnke for release from arrest at suit of Thelma Roama under Insolvent Debtors' Act.

## Gen. No. 22,338.

1. APPEAL AND ERROR, § 1088*—*what is effect of failure to argue points.* The Appellate Court on appeal may refuse to consider points not argued.

2. JUDGMENT, § 364*—*when may not be collaterally attacked.* A judgment of the Circuit Court cannot be collaterally attacked in the County Court in a petition filed under the Insolvent Debtors' Act.

3. EXECUTION—*when alias capias ad satisfaciendum authorized.* The Practice Act, sec. 4 (J. & A. ¶ 8541), expressly authorizes an alias capias ad satisfaciendum.

4. EXECUTION, § 293*—*when judgment debtor cannot be discharged under Insolvent Debtors' Act.* Where malice is the gist of the action in which a judgment was rendered, the judgment debtor cannot be discharged under the Insolvent Debtors' Act.

5. EXECUTION, § 279*—*when judgment for slander is conclusive.* A judgment for slander *held* conclusive of the question of malice where both counts of the declaration charged malice, in a petition for discharge under the Insolvent Debtors' Act.

6. EXECUTION—*what constitutes sufficient notice by sheriff that unless judgment is paid, debtor will be taken into custody.* Where a judgment debtor was taken on an original *capias ad satisfacien-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*dum* which was quashed and again on an *alias* writ, *held* that there was sufficient notice by the sheriff that unless the judgment was paid the debtor would be taken into custody.

7. EXECUTION, § 279*—*when issuance of writ of capias ad satisfaciendum is improper.* Where the jury were sworn "to try the issues joined herein" in an action for slander, wherein the defendant was defaulted for want of appearance, *held*, in a proceeding under the Insolvent Debtors' Act for discharge of the judgment debtor taken on a writ of *capias ad satisfaciendum* based upon the judgment against him in such action, that there was no proper verdict of the jury finding him guilty to warrant the issuance of such writ, although the judgment might be valid, and it should be quashed by the Circuit Court issuing it.

Appeal from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

ERNEST SAUNDERS, for appellant.

CANTWELL & SMITH, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal by Lena Warnke in which she seeks to reverse a judgment of the County Court dismissing a petition filed by her under the Insolvent Debtors' Act, and remanding her to the custody of the sheriff.

No brief has been filed on behalf of appellee. It appears that a judgment for $3,000 was entered on the verdict of a jury against the appellant in the Circuit Court of Cook county in an action for slander. An execution was issued, and after demand was returned no property found and no part satisfied. Subsequently an order was entered by the Circuit Court awarding a writ of *capias ad satisfaciendum*. Appellant was taken under this writ by the sheriff and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thereupon she filed her petition in the County Court seeking to be discharged under the Insolvent Debtors' Act.

The first four points in appellant's brief question the proceedings in the Circuit Court. None of these points is argued, and we might refuse to consider them, but it is sufficient to say that the judgment of the Circuit Court cannot be collaterally attacked by the proceedings in the County Court.

Appellant next contends that she should have been discharged, for the reason that she was held under an *alias capias ad satisfaciendum,* and there is no law authorizing such *alias* writ. In support of this it is argued that the statute is similar to the Attachment Act, and under that act it has been held that there is no warrant for an *alias* writ of attachment. We cannot agree with the contention that there is no warrant for the issuance of an *alias* writ of *capias ad satisfaciendum.* Section 4 of the Practice Act (J. & A. ¶ 8541) expressly authorizes the issuance of such an *alias* writ. (See also section 64, ch. 77, Rev. St., J. & A. ¶ 6811.)

Appellant next contends that as she was placed under arrest on the theory that she had refused to surrender her property to satisfy the judgment, the judgment creditor cannot shift her position and hold appellant on the theory that malice was the gist of the action in the Circuit Court. The record discloses no evidence offered by appellant tending to show that she had not refused to turn over all her property towards the satisfaction of the judgment. Furthermore, it appears that the judgment creditor proceeded on both theories.

Where malice is the gist of the action in which the judgment was rendered, the judgment debtor cannot be discharged under the Insolvent Debtors' Act. Section 2, ch. 72, Rev. St. (J. & A. ¶ 6199); *Jernberg*

*v. Mix*, 199 Ill. 254; *First Nat. Bank of Flora v. Burkett*, 101 Ill. 391; *People v. Greer*, 43 Ill. 213.

The action in the Circuit Court was for slander, and malice is the gist of such action. *McKee v. Ingalls*, 5 Ill. 30. The judgment of the Circuit Court is conclusive of the question of malice, as both counts of the declaration charge malice. *Jernberg v. Mix, supra.*

Complaint is also made that when the execution was served on appellant and payment demanded, she was not notified by the sheriff that unless she paid the judgment she might be taken into custody. The record discloses that she was first taken on the original writ, which was afterwards quashed, and again on the *alias* writ. Obviously she had sufficient notice.

Although the point is not made, we find upon looking into the record that appellant, defendant in the slander suit in the Circuit Court, was defaulted for want of appearance. Subsequently a jury was sworn "to try the issues joined herein." There were no issues joined. Section 1 of the Act of June 17, 1893 (J. & A. ¶ 4145), provides that no person shall be imprisoned for nonpayment of a judgment in any civil action, except upon conviction by a jury, unless the defendant in such action waives a jury in writing. There was no proper verdict of a jury in this case finding the defendant in the slander suit guilty, and although the judgment may be valid, an execution against the body could not properly be issued, and, if issued, should be quashed by the Circuit Court. *Swan v. Mulherin*, 67 Ill. App. 77; *People v. Koehler*, 146 Ill. App. 541.

The County Court having no jurisdiction to discharge the defendant, the judgment is affirmed.

*Affirmed.*