### Nan Kearns, Defendant in Error, v. John Chocolowski, Plaintiff in Error.

### Gen. No. 26,304.

1. EXECUTION—*when order denying motion to quash body execution issued in personal injury case will be reversed.* An order denying a motion to quash a body execution was reversed, where, in the personal injury case in question, an order of default was entered against the defendant for his failure to appear, although the damages for which judgment was entered were assessed by a jury.

2. EXECUTION—*when statute relating to imprisonment for non-payment of judgment in civil action is applicable.* Section 128 of the Practice Act, ch. 110 (Cahill's Ill. St. ch. 38, ¶ 780), providing that no person shall be imprisoned for nonpayment of a judgment in any civil action except upon conviction by a jury, or when a jury trial is waived by a formal waiver in writing, applied in a

personal injury case where defendant was defaulted for failure to appear and the damages were subsequently assessed by a jury, and the order denying a motion to quash a body execution was reversed.

Error to the Superior Court of Cook county; the Hon. M. L. McKinley, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed December 19, 1921. Rehearing denied January 3, 1922.

William B. Keefe and S. M. Collins, for plaintiff in error.

Daniel L. Madden and Roy C. Merrick, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

By this writ of error defendant, John Chocolowski, seeks the reversal of an order of the superior court denying the motion to quash a body execution and to release defendant from custody of the sheriff.

May 21, 1919, Nan Kearns brought an action in tort against defendant, who was duly served with summons on May 22. The declaration filed consisted of two counts, the first charging that defendant negligently drove an automobile, injuring plaintiff, the second that defendant wantonly and wilfully drove the automobile so as to strike plaintiff. September 6, 1919, an order of default was entered against defendant for his failure to appear. June 21, 1920, the case was reached for trial and a jury was impaneled to assess plaintiff's damages, which were found to be $300, and judgment was entered on the verdict. A *capias ad satisfaciendum* was issued and served on defendant and August 16, 1920, he moved to vacate the judgment. This motion was denied. August 26, defendant moved to quash the *capias,* which was denied.

Section 128 of the Practice Act, ch. 110 (Cahill's Ill. St. ch. 38, ¶ 780), provides that no person shall be

imprisoned for nonpayment of a judgment in any civil action except upon conviction by a jury, or when jury trial is waived by a formal waiver in writing.   In *Manaster v. Kioebge,* 257 Ill. 431, it was held that this act applies where defendant is defaulted for failure to appear, and the damages subsequently assessed by a jury.   This is decisive of the instant case and the motion to quash the writ. should have been allowed. See also *In re Warnke,* 207 Ill. App. 459.

The order of August 25, 1920, denying the motion to quash the *capias ad satisfaciendum* is reversed and the cause is remanded.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.