## Charles A. Reinwald, Administrator of the Estate of Agnes E. Reinwald, Deceased, Plaintiff in Error, v. John D. McGregor, Defendant in Error.

### Gen. No. 30,252.

1. EXECUTIONS—*right to issuance of capias ad satisfaciendum upon judgment in action of tort.* Where a plaintiff has recovered a judgment in an action based upon tort, he may, upon request to the clerk of the court, have a writ of *capias ad satisfaciendum,* and whether malice was the gist of the action is immaterial so far as the issuance of the writ is concerned.

2. EXECUTIONS—*materiality of question whether malice gist of action where capias ad satisfaciendum issued upon judgment.* The question of malice or want of malice being the gist of an action of tort wherein the judgment creditor procures the issuance of a writ of *capias ad satisfaciendum* becomes material only when the judgment debtor, having been taken into custody under such writ, makes application under the Insolvent Debtors' Act for his discharge.

Error by plaintiff to the Circuit Court of Cook County; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed. Opinion filed January 20, 1926.

MORSE IVES and GLENNON, CARY, WALKER & MURRAY, for plaintiff in error.

CHARLES W. STIEFEL and JAMES I. ENNIS, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this writ of error plaintiff seeks to reverse an order entered by the circuit court of Cook county quashing a writ of *capias ad satisfaciendum.*

The record discloses that plaintiff brought an action against the defendant to recover damages for the wrongful death of Agnes E. Reinwald, deceased, on the

ground that the defendant drove his automobile so negligently in the City of Chicago that it struck and fatally injured Agnes E. Reinwald. The case was tried before a judge and a jury and there was a verdict in plaintiff's favor for $3,000. The jury also answered in the negative the following interrogatory: "Was the defendant, Dr. John D. McGregor, guilty of wantonness and recklessness in driving and managing his automobile at the time of the accident?" The verdict was returned December 8, 1922, and on the 16th day of the same month, defendant's motion for a new trial was overruled and judgment entered on the verdict. Thereupon the defendant prayed an appeal, which was allowed, upon filing a bond within thirty days and bill of exceptions within sixty days. The appeal appears not to have been perfected. On January 17, 1923, a writ of *capias ad satisfaciendum* issued out of the office of the clerk of the court and was delivered to the sheriff of Cook county. The return of the sheriff shows that he executed the writ by arresting defendant on the 6th day of February, 1923; that the defendant failed to satisfy the writ or any part thereof, but before committing him to the common jail of Cook county, the sheriff was commanded by a writ of habeas corpus, to take the body of the defendant before Judge Fisher, one of the judges of the circuit court of Cook county; that the sheriff did as commanded and afterwards the return further shows that McGregor was discharged in the habeas corpus proceeding and the writ was returned February 17, 1923, "no part satisfied."

On March 13, 1923, Judge Fisher entered an order which recites that the matter came on to be heard on motion of the defendant to quash the *capias ad satisfaciendum*, based upon the judgment for $3,000 in favor of plaintiff and against the defendant. The order further recites that upon the trial of the case "there was submitted to the jury an interrogatory by

the defendant, as to whether the defendant, John D. McGregor, was guilty of reckless, willful and wanton driving at the time of the accident to plaintiff's intestate''; that the jury answered the interrogatory in the negative; ''all of which appears from the face of the record in said cause * * * and it appearing to the court from the face of the record in the above entitled cause that the said *capias ad satisfaciendum* was wrongfully issued by the Clerk of the Circuit Court of Cook County.'' It was ordered that the writ be quashed and it is to reverse this order that plaintiff prosecutes this writ of error.

It seems to be conceded by both parties that the order quashing the writ was entered on the ground that it appeared from the face of the record that malice was not the gist of the action in which the judgment was rendered against the defendant. And counsel for the defendant contend that since the jury found by their answer to the special interrogatory above quoted, that the defendant was not guilty of wantonness or recklessness in the driving of his automobile at the time of the accident, this conclusively determines that malice was not the gist of that action and that the finding of the jury on that question is *res adjudicata.* Their position further as stated in their brief is that: ''In a tort action where malice is not the gist of the action and is so apparent from the face of the record, a motion to quash the writ of *capias ad satisfaciendum* should be made before the court having jurisdiction of the parties and the subject matter''—''should be made in the forum out of which the writ issues.'' In support of this proposition the cases of *Kearns v. Chocolowski,* 223 Ill. App. 117; *In re Warnke's Petition,* 207 Ill. App. 462; *Allen v. Roughan,* 175 Ill. App. 380; *In re Witzke's Petition v. Greer,* 195 Ill. App. 206; *Hubbard-Zemurray Steamship Co. v. Crescio,* 179 Ill. App. 56; *Manaster v. Kioebge,* 257 Ill. 433, are cited. An examination of these cases discloses the fact that

none of them is in point. The question whether a writ of *capias ad satisfaciendum* might properly be issued on a judgment rendered in a tort case was in no way involved or considered, except possibly in the *Crescio* case, 179 Ill. App. 56.

In the *Kearns* case, a writ of error was prosecuted in this court which sought the reversal of an order of the superior court of Cook county, denying a motion to quash a body execution and release the defendant from the custody of the sheriff. In that case Kearns brought an action in tort against the defendant, who was served with summons. The declaration was filed, which charged inter alia that the defendant wantonly and wilfully drove an automobile so as to strike plaintiff. The defendant failed to appear and he was defaulted. The cause was reached for trial and a jury impaneled to assess plaintiff's damages which they found to be $300. Judgment was entered on the verdict and afterwards a *capias ad satisfaciendum* was issued and served on the defendant. The defendant made a motion to quash the *capias ad satisfaciendum* which was denied. The court there referred to section 128 of the Practice Act (Cahill's St. ch. 38, ¶ 780, probably intended), which provides that no person should be imprisoned for nonpayment of a judgment in any civil action except upon conviction by a jury, or when a jury trial is waived by a formal waiver in writing. The court cited the *Manaster* case, *supra,* and held that since the defendant was defaulted, there was no verdict of the jury within the meaning of section 128, and, therefore, the *capias* should have been quashed. It, therefore, clearly appears that the question of malice being the gist of the action was not in any way considered, because the decision turned on the provisions of section 128 of the Practice Act, which subsequently has been declared invalid. *Sturges & Burn Mfg. Co. v. Pastel,* 301 Ill. 253. The same holding was made in the *Warnke case, supra,* where it was held that an ex-

ecution against the body of a judgment debtor would not properly lie in the absence of a verdict of a jury. The proceeding in that case was under the Insolvent Debtor's Act (Cahill's St., ch. 72) in the county court. And it was there held that "where malice was the gist of the action in which the judgment was rendered, the judgment debtor cannot be discharged under the Insolvent Debtors' Act." But the question whether a writ of *capias ad satisfaciendum* might properly be issued in any tort case, and whether malice was or was not the gist of the action, was in no way involved or considered. The *Allen* case was an application for a discharge under the insolvency law of the State where the defendant had been arrested on a body execution, issued on a judgment recovered in the municipal court of Chicago in an action for malicious and unlawful conversion of money. Although it was expressly found that malice was the gist of the municipal court action, yet the defendant was discharged by the county court. This was held to be error and it was further held that the county court had no jurisdiction to determine whether the *capias* had been properly issued by the municipal court; that the proper place for testing that question was in the municipal court. It is also clear from this case that the question of the propriety of the issuance of a *capias* based on a tort judgment was not in the case, nor was there any language used by the court touching this question in any manner.

In the *Greer* case an application was made in the county court by a person who had been arrested under a body execution. The writ was based upon a judgment rendered in a trover action in the municipal court. The county court held that malice was the gist of the action and refused to release the defendant. On appeal to this court, it was held that malice was not the gist of the action in the municipal court, and, therefore, the county court should have released the defendant from arrest. Again it is clear that the

question whether a *capias* might properly be issued, based upon a judgment rendered in a tort case, was in no way before the court or discussed.

The *Crescio* case was a fourth-class action in the municipal court where plaintiff recovered a verdict and judgment for $126. The defendant sued out a writ of error from this court to reverse the judgment, and among other things he contended that the judgment was wrong "because the suit is in tort and the verdict and judgment are in tort, instead of in contract, thereby making the defendant subject to jail imprisonment, if he fails to pay the judgment." In answering this contention the court said (p. 59): "There is nothing in the argument that the statement of claim and the judgment are in tort. If they were in tort that would not warrant imprisonment in jail for failure to pay the judgment as malice was not the gist of the action. *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391." The *Burkett* case there cited was a proceeding under the Insolvent Debtors' Act and it was held in such case the judgment debtor might be released upon compliance with that act, if malice was not the gist of the action, and that is what the Appellate Court had in mind when it used the language quoted, because it cites the *Burkett* case as authority. The *Manaster* case, 257 Ill. 431, was an action brought to recover $700. The defendant was served with summons, but did not appear and he was defaulted. A jury was impaneled to assess plaintiff's damages. The damages were assessed at $450. Judgment was entered on the verdict, a *capias* then issued and defendant was taken into custody. A motion was made to quash the *capias,* which was denied and a writ of error was prosecuted to this court. Afterwards the case was transferred to the Supreme Court on the ground that the constitutionality of section 128 of the Practice Act was involved. The court there held that section 128 was not subject to the constitutional objections there made, and since there was

no verdict within the meaning of that section, the *capias* was not properly issued. No language is used in the opinion which in any way might be considered as touching the question now under consideration.

From what we have said, it is clear that none of the cases relied upon by the defendant is in point. Whether malice is the gist of an action in which a *capias ad satisfaciendum* may issue is irrelevant and immaterial in determining the question whether a *capias* may be issued on a tort judgment. The question of malice or want of malice being the gist of the action only becomes material when the judgment debtor has been taken into custody under a writ of *capias ad satisfaciendum* and makes application under the Insolvent Debtors' Act in the county court for his discharge, that court having exclusive jurisdiction of such matters. *Sawyer v. Nelson,* 44 Ill. App. 184; *People v. Walker,* 286 Ill. 541. Where a judgment is entered in a tort action, it is the duty of the clerk of the court in which the judgment is entered to issue a writ of *capias ad satisfaciendum* upon request. *People v. Walker, supra; Marshall Field & Co. v. Freed,* 269 Ill. 558; *Schneider v. James,* 228 Ill. App. 622 (Abst.); *In re Petition of Fetz, post,* p. 250; *In re Petition of Brown,* 237 Ill. App. 537. In the *Walker* case an original petition for a writ of mandamus was filed in the Supreme Court by which it was sought to command Judge Walker, a judge of the circuit court of Cook county to order the clerk of the circuit court to issue a writ of *capias ad satisfaciendum.* In that case Lena Mark recovered a judgment for $400 in an action of trespass for an assault and battery. The judgment remaining in full force and effect, plaintiff, pursuant to notice given the defendant, moved the court to enter an order directing the clerk to issue a *capias* against the defendant. The motion was resisted on the ground that the writ could not be lawfully issued unless malice or an actual intention to commit a wrong had been proved against

the defendant. And it was contended that no such proof had been made. The court refused on that ground to enter the order. Afterwards the original petition was filed in the clerk's office of the Supreme Court. The petition was demurred to. The court there said that: "Sections 4 and 5 of chapter 77 of the Revised Statutes provide that the person in whose favor any judgment may be obtained may have execution thereon, in the usual form, against the lands and tenements, goods and chattels of the person against whom the judgment was obtained, or against his body when the same is authorized by law, but that no execution shall issue against the body except when the judgment shall have been obtained for a tort committed by the defendant * * *. Our constitution has abolished imprisonment for debt except for a refusal to deliver up property for the benefit of creditors or in cases where there is strong presumption of fraud. But this prohibition applies only to actions upon contracts, express or implied, and does not extend to actions for torts. * * * The judgment against the defendant Schulman was for a tort, being for an assault and battery * * *. The statute provides that the plaintiff may have execution against the body of the defendant when the same is authorized by law but does not declare when the same is authorized by law, though it does except from the prohibition against such an execution, judgments obtained for a tort committed by the defendant, thus impliedly recognizing that in such cases an execution against the body is authorized by law. In case of all injuries accompanied by force the common law originally provided a process against the defendant's person, subjecting him to imprisonment by the writ of *capias ad respondendum,* and upon judgment rendered authorized his imprisonment through the means of a *capias ad satisfaciendum* until satisfaction was made of the judgment. * * * His case comes under the head of injuries accompanied by force,

in which the *capias* was clearly authorized by law. There was no necessity for an application to the court for an order directing the clerk to issue the writ, for the statute authorized it in the same terms as an execution against the defendant's property. By force of the judgment it was the duty of the clerk to issue the writ upon the request of the plaintiff." The writ of mandamus was denied because it was unnecessary. In that case the court further said (p. 543) : "The question whether malice is the gist of the action is of no importance, so far as the issue of the writ is concerned. It is important where the defendant applies for his discharge under the insolvent laws." The court there clearly held that a judgment creditor in a tort action, by virtue of the provisions of sections 4 and 5 of chapter 77 [Cahill's St. ch. 77, ¶¶ 4, 5] was entitled to a writ of *capias ad satisfaciendum* upon request to the clerk of the court, and that the question of whether malice was the gist of the action was of no importance so far as the issuance of the writ was concerned. We think that case is precisely in point and it follows that the writ having been properly issued in the instant case, the court was in error in quashing it.

In the *Field* case plaintiff had judgment against the defendant where it was charged in the declaration that the defendant had procured from the plaintiff goods, wares and merchandise by means of fraud and deceit, and a writ of *capias ad satisfaciendum* was issued upon an order of court and it was held that the writ was improperly quashed. The court there refers to sections 4 and 5 and also 62 of chapter 77 [Cahill's St. ch. 77, ¶ 63] of the Revised Statutes, and in referring to section 5, the court said (p. 561) : "Section 5 of the same Act specifies the cases in which a *capias* may be issued. They are (1) where the judgment is obtained for a tort committed by the defendant; (2) where the defendant shall have been held to bail upon a writ of *capias ad respondendum;* (3) where he shall refuse to

deliver up his estate for the benefit of his creditors.'' The court said (p. 563) : ''Under section 5, if the judgment is for a tort committed by the defendant, an execution against the body is authorized without regard to whether the defendant has or has not property and without regard to whether he has refused to deliver his estate up for the benefit of his creditors. * * * (p. 564) The judgment was for a tort committed by the defendant, and appellant was entitled to the writ, upon motion, without any showing in support of it.'' In that case the principal question before the court was whether a judgment creditor in an action of tort who had an execution issued and returned *nulla bona* could afterwards take out a *capias ad satisfaciendum* and the court held that he could.

Under the authorities we are of the opinion that where plaintiff has recovered a judgment in an action based upon a tort, he may have, upon request to the clerk of the court, a writ of *capias ad satisfaciendum,* and whether malice was the gist of the action is immaterial so far as the issuance of the writ is concerned. We think that such a law which permits the judgment debtor to be placed under arrest for failure to pay a judgment rendered in a tort case for ordinary negligence is, to use the language of the Supreme Court in the case of *City of Chicago v. Tribune Co.,* 307 Ill. 595, ''out of tune with the American spirit and has no place under American jurisprudence,'' but to cure the defect in the law, application should be made to the legislature, the lawmaking body, and not to the courts.

The order of the circuit court quashing the writ of *capias ad satisfaciendum* is reversed.

*Order reversed.*

Thomson, P. J., and Taylor, J., concur.